IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

KAITLYN KING,

        Plaintiff,

v.                                      CIVIL ACTION NO.  3:17-0804

CHIPOTLE MEXICAN GRILL OF
COLORADO, LLC, and
CHIPOTLE MEXICAN GRILL, INC.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

    Pending before the Court is Defendants' Motion to Dismiss Count II pursuant to Federal Rule 12(b)(6) (ECF No. 4).  For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 4).

    **I.**    **Background**

    Plaintiff filed suit against Defendants for employment discrimination, alleging that Defendant fired Plaintiff once learning about her pregnancy.  Defendants hired Plaintiff on or about March 20, 2014 to work in the Huntington and Barboursville locations.  *Pl.'s Compl.*, ECF No. 1-1, at ¶ 4.  According to Plaintiff, she performed the duties required of her satisfactorily as a Kitchen Manager, and Plaintiff was being processed for promotion to Service Manager before her termination.  *Id.* at ¶ 5.  Plaintiff allegedly advised her manager, Ms. Misty Phillips, in early October of 2015 that Plaintiff was pregnant.  *Id.* at ¶ 6.  A short time later, on October 17, 2015, Phillips fired Plaintiff without explanation.  *Id.* at ¶ 7.  Phillips allegedly told Plaintiff that she could re-apply for her job after having her baby.  *Id.*

Plaintiff brought suit for employment discrimination in the Circuit Court of Cabell County, West Virginia in December of 2016. *Pl.'s Compl.*, ECF No. 1-1. Defendants timely removed the case to federal court claiming diversity jurisdiction. *See Notice of Removal*, ECF No. 1. Plaintiff's complaint alleges two causes of action: the first alleges a violation of the West Virginia Human Rights Act for sex discrimination; and the second alleges a common law tort of Intentional Infliction of Emotional Distress (IIED). *Pl.'s Compl.*, ECF No. 1-1. Defendants challenge the second cause of action for failure to state a claim under Federal Rule 12(b)(6). *Defs.' Partial Mot. to Dismiss*, ECF No. 4.

II.     **Legal Standard**

Federal Rule 8(a) requires a complaint to include "a short and plain statement of the claim … showing entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2). To overcome a motion to dismiss under Federal Rule 12(b)(6), a complaint must also be plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations and citations omitted). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level …." *Twombly*, 550 U.S. at 555 (citations omitted). If the allegations in the complaint, assuming their truth, do

"not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotations and citations omitted). Finally, "[a]lthough for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

### III. Discussion

Plaintiff's second cause of action sets forth an IIED claim, alleging that "Defendants' conduct in effecting Plaintiff's termination was atrocious, utterly intolerable in a civilized community, and so extreme and outrageous to exceed all possible bounds of decency." *Pl.'s Compl.*, ECF No. 1-1, at ¶ 1.[1] By Defendants' intentional conduct, Plaintiff allegedly suffered emotional distress amounting to stress, fear, depression, sleeplessness, and difficulty in maintaining personal relationships. *Id.* at ¶ 3.

To plead a successful claim for IIED in West Virginia, a plaintiff must assert four elements:

> (1) conduct by the defendant which is atrocious, utterly intolerable in a civilized community, and so extreme and outrageous as to exceed all possible bounds of decency; (2) the defendant acted with intent to inflict emotional distress or acted recklessly when it was certain or substantially certain such distress would result from his conduct; (3) the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Travis v. Alcon Labs. Inc.*, 504 S.E.2d 419, 425 (W. Va. 1998). The determination of whether conduct rises to the level of required outrageousness is for the Court. *See Love v. Georgia-Pacific*

---

[1] Plaintiff's complaint is not numbered sequentially throughout the entire document. Rather, each section begins the numbering from the beginning. The Court follows the Plaintiff's numbering when referencing each allegation.

*Corp.*, 550 S.E.2d 51, 61 (W. Va. 2001). For cases involving employment disputes, West Virginia requires more than an employee's termination to constitute outrageous conduct. *See Dzinglski v. Weirton Steel Corp.*, 445 S.E.2d 219, 226 (W. Va. 1994). However, a plaintiff can maintain a cause of action for IIED against an employer when "the employee's distress results from the outrageous manner by which the employer effected the discharge." *Id.*

Plaintiff's complaint contains sparse details on how Defendants discharged her employment. The only outrageous conduct factually alleged is that Phillips advised Plaintiff to re-apply for her job after having her baby. *Pl.'s Compl.*, ECF No. 1-1, at ¶ 7. The allegations under Count II contain conclusory legal statements asserting a claim for IIED without explaining any factual circumstances for support. *See id.* at ¶¶ 1-3. Plaintiff's Response likewise fails to allege facts to support the outrageousness of Defendants' conduct when terminating Plaintiff.

With the high standard of IIED established by West Virginia courts, the Court cannot deem the mere act of firing Plaintiff with the statement that she should re-apply for her job after having her baby as outrageous. This Court dismissed a similar claim for IIED in *Nester v. Hampton Inn Princeton*, which involved a plaintiff being terminated after alerting the employer of her pregnancy. Civ No. 1:13-03336, 2013 WL 2468576, at *7-8 (S.D.W. Va. June 7, 2013). In that case, the complaint contained more information than here, alleging that the defendant fired the plaintiff by text message and made statements showing disparate treatment towards pregnant employees. *Id.* at *8. That conduct, however, could not rise to the level of outrageous conduct required in West Virginia for purposes of an IIED claim, and the Court dismissed the count. *Id.* (citing cases in West Virginia of disparate treatment, retaliatory treatment, and continued harassment that failed to reach the outrageous level required). Plaintiff's sparse factual details surrounding her termination cannot sustain a claim for IIED because Plaintiff fails to allege the

outrageous manner in which she was terminated.  One statement asking Plaintiff to re-apply may show disparate treatment but does not show outrageous conduct.  Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 4) and **DISMISSES** Count II.

### IV. Conclusion

Accordingly, the Court finds that Plaintiff failed to allege sufficient facts to support an IIED claim in West Virginia.  Therefore, the Court **GRANTS** Defendants' Motion to Dismiss Count II (ECF No. 4).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 2, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE