IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**KAITLYN KING,**

    **Plaintiff,**

v.                                                                    Case No.:  3:17-cv-00804

**CHIPOTLE SERVICES, LLC,**

    **Defendant.**

**MEMORANDUM OPINION and ORDER**

This action involves the alleged wrongful termination of Plaintiff by her employer, Chipotle Services, LLC ("Chipotle"). On July 26, 2017, the parties appeared, by counsel, on Plaintiff's motion to compel answers to Plaintiff's first set of interrogatories, (ECF No. 29), and Plaintiff's motion to file a late response to Defendant's motion to compel, (ECF No. 36). Having considered the arguments, and as set forth below, the court **GRANTS**, in part, and **DENIES**, in part, Plaintiff's motion to compel and **DENIES** Plaintiff's motion to file a late response. Defendant is **ORDERED** to provide the following supplemental responses to discovery requests within **seven days** of the date of this Order.

**Motion to Compel**

Plaintiff complains that Defendant provided inadequate responses to Interrogatory Nos. 1, 8, 9, 10, 13, 14, 17, and 18. The interrogatories in dispute can be divided into three categories: (1) an interrogatory about individuals that participated in providing information to answer the interrogatories; (2) interrogatories seeking

1

information surrounding Plaintiff's work performance at Chipotle and her termination; and (3) interrogatories seeking information about other employee terminations. With respect to the first category, which includes Interrogatory No. 1, the court grants the motion to compel. Defendant has provided some information regarding the identity of individuals who participated in responding to the discovery, but shall provide Plaintiff with a supplemental response explaining which particular interrogatories were answered by which particular individual. Defendant shall also supply the name of an individual in the compliance department who can act as a representative of Chipotle in this case.

Supplemental answers to the next category of requests, which include Interrogatory Nos. 8, 9, 10, 13, and 14, are compelled, in part. Defendant indicates that many of the events that form the basis of Plaintiff's interrogatories simply were not documented at the time they occurred. In the absence of documentation, Defendant has been forced to rely upon the memories of its employees, some of whom no longer work for the company and some of whom deny having a clear memory of the events. Defendant concedes that Plaintiff is entitled to the information, but states that no additional information is available at this time.

Obviously, Defendant cannot produce information that is not in its possession. On the other hand, Defendant has the obligation to make a reasonable investigation in order to fully answer the discovery requests. Therefore, Defendant is **ORDERED** to conduct an additional investigation for information responsive to the interrogatories in this category and to provide supplemental answers setting forth any new information it obtains regarding Plaintiff's job performance and the circumstances surrounding her discharge in October 2015.

In regard to the last category of interrogatories, which includes Interrogatory Nos. 17 and 18, Plaintiff's motion to compel is **DENIED**. Plaintiff requests information regarding other Chipotle employees who were terminated due to medical conditions. Defendant explains that it knows of no employee whose employment was terminated for medical reasons. That answer is satisfactory. Plaintiff also seeks information regarding other lawsuits brought against Chipotle alleging wrongful termination. Defendant has supplied information for suits arising in the State of West Virginia, but Plaintiff is not satisfied with Chipotle's geographical limitation.

Generally, in cases of wrongful discharge, the scope of discovery regarding other similar terminations is limited to the personnel and employing units that made the decision to terminate the plaintiff. *See, e.g., Rodger v. Elec. Data Sys., Corp.*, 155 F.R.D. 537, 542 (E.D.N.C. 1994) (holding that claims of wrongful termination brought by employees of other business units were not relevant because the employees were not similarly situated); *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 39 (D. Md. 2000) (holding that proposed discovery regarding involuntary terminations of employment in two states and the District of Columbia, without limitation, was overly broad, and modifying the request to seek information relating to the termination of employees within the last 5 years who were supervised by the same supervisors that participated in the improper conduct alleged by the plaintiff). Such a limitation is appropriate for the needs of this litigation; especially, when taking into account the proportionality requirement of Fed. R. Civ. P. 26(b). Plaintiff has not established any connection between termination decisions made in West Virginia and those made by Chipotle in other states or regions. Consequently, requiring Chipotle to collect and review information regarding wrongful discharge lawsuits filed in other states across the

country, without an established connection, would constitute a burden disproportionate to the anticipated benefits of the discovery.

### Motion to File Late Response

Plaintiff asks the court to grant her leave to file a late response to Defendant's Motion to Compel; however, an Order granting the motion to compel was already entered, and the undersigned sees no good reason to set the Order aside. Therefore, the Motion to file a late response, (ECF No. 36), is **DENIED**. Although the Motion is denied, the court makes a *sua sponte* amendment to its previous Order granting Defendant's motion to compel. The Order, (ECF No. 34), is amended to state that Plaintiff shall not be required to produce her income tax returns to Defendant if there are other less intrusive financial documents that can supply sufficient information relevant to Plaintiff's claim of lost wages.

"Although the Fourth Circuit has not developed a clear rule as to the discoverability of tax returns, in general, disclosure of tax returns is disfavored." *Ying-Jun Chen v. Md. Dept. of Health and Human Servs.,* No. ELH-15-1796, 2017 WL 1533988, at *3 (D. Md. Apr. 27, 2017) (citing *Susko v. City of Weirton,* No. 5:09-cv-1, 2010 WL 3584425, at *3 (N.D. W. Va. Sept. 10, 2010); *Eastern Auto Distribs., Inc. v. Peugeot Motors of Am., Inc.,* 96 F.R.D. 147, 148-49 (E.D. Va. 1982)). In this Circuit, courts generally apply a two-prong test to determine if income tax returns should be produced in discovery. *Id.* (citing *Hastings v. OneWest Bank, FSB,* No. GLR-10-3375, 2013 WL 1502008, at *2 (D. Md. Apr. 11, 2013)). "Under this test, tax returns are discoverable if (1) they are relevant to a matter in dispute; and (2) they are needed, because the information is not available from other sources. … The party seeking disclosure carries the burden to show that the tax returns are relevant, and the resisting party carries the burden to identify an alternate source of

4

the information." *Id.* (internal citation omitted).

Here, Plaintiff's tax returns are clearly relevant to her claim for lost wages. However, Plaintiff has supplied information relevant to her financial loss, and Defendant has information already in its possession documenting Plaintiff's wages in 2014 and 2015. Plaintiff represents to the court that she has not worked since her termination from Chipotle in October 2015. Accordingly, it appears that Defendant has sufficient information to evaluate Plaintiff's lost wages claim without requiring the production of her income tax returns.

The Clerk is instructed to provide a copy of this Order to counsel of record.

**ENTERED:** July 27, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge