# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

KAITLYN KING,

      Plaintiff,

v.                                                   Case No.:  3:17-cv-00804

CHIPOTLE SERVICES, LLC,

      Defendant.

## MEMORANDUM OPINION and ORDER

Pending is Plaintiff's Motion to Reconsider this Court's July 18, 2017 Order. (ECF No. 45). In July, the undersigned issued an order granting Defendant's motion to compel full and complete answers to discovery requests when Plaintiff failed to timely oppose the motion. Since then, Plaintiff has served supplemental answers, but has withheld information responsive to one interrogatory and one related request for the production of documents. Plaintiff argues that she should not have to answer the interrogatory and document request, because they seek details and records regarding private discussions Plaintiff had with non-party employees of Defendant. The parties have fully briefed the issue, and the Court finds that oral argument is not necessary to resolve the motion. For the reasons that follow, the Court **GRANTS**, in part, and **DENIES**, in part, the motion to reconsider.

Plaintiff, a prior Kitchen Manager at Chipotle restaurants in Huntington and Barboursville, West Virginia, claims that Defendant wrongfully terminated her employment. Plaintiff seeks damages for lost wages and benefits, back pay, front pay,

damages for indignity, embarrassment, humiliation, annoyance, inconvenience, and emotional distress. (ECF No. 1-5). Defendant served discovery requests on Plaintiff that included the following:

> Interrogatory No. 9: Identify and describe all conversations you, or your agents, have had with all current and former Chipotle employees since October 17, 2015.
>
> Request for Documents No. 3: All documents (reduced to writing or otherwise) that contain, reflect or refer to any conversation between Plaintiff (or any agent of Plaintiff) and any of Defendant's current or former employees, agents, members, officers, directors, or representatives.

Plaintiff answered by explaining that she continues to be friends with some of her former co-workers at Chipotle and has communicated with them on Facebook messenger; although, most of the communications do not involve Defendant, Plaintiff's prior employment with Defendant, or Plaintiff's termination from employment. (ECF No. 53-1 at 3). Plaintiff refused to produce copies of any of her Facebook messenger conversations on the basis that they were either irrelevant or were "privileged and not discoverable and/or protected by the 4th Amendment of [sic] the United States Constitution protecting an individual's right to privacy." (*Id.* at 7). The parties met and conferred about Plaintiff's objection to divulging the details of the conversations and producing copies of them, but could not resolve their differences.

Defendant raises two procedural arguments in opposition to Plaintiff's motion that can be disposed of quickly. First, Defendant contends that Plaintiff's motion is merely a second attempt to file a late response to Defendant's original motion to compel and, therefore, is improper. The undersigned disagrees with this characterization, because Plaintiff is not attempting to re-litigate the ruling on all of the discovery responses considered inadequate by Defendant. Instead, Plaintiff claims that the Facebook privacy

2

issue affecting Interrogatory No. 9 and Request for Production No. 3 was not apparent at the time Defendant's motion to compel was addressed. In any event, the Court may in its discretion consider a motion to reconsider a prior discovery ruling when there is new information or evidence available that might call into question the prior decision. *See Sedgewick Hommes, LLC v. Stillwater Homes, Inc.,* No. 5:16-CV-00049-RLV-DCK, 2017 WL 3725991, at * 1 (W.D.N.C. Aug. 29, 2017). The Court was not aware of Facebook messenger communications at the time the order compelling responses was issued.

Second, Defendant asserts that Plaintiff waived her right to raise a privacy concern, because she did not raise the issue of privacy in her initial responses. While Defendant is generally correct that a party may waive a ground of objection not initially raised, Plaintiff claims that she did not appreciate the issue until after she filed her responses. A review of Plaintiff's original answers supports her claim. In the original answers, Plaintiff did not recall participating in any conversations related to her termination and denied having any documents reflecting such conversations. (ECF No. 53-5 at 3, 7).

As to the remaining arguments raised by Defendant, the key issue is whether Plaintiff, or any individual, has a right of privacy in communications conducted through Facebook messenger. Plaintiff contends that such a privacy right exists, because the conversations on Facebook messenger are not publicly available. Defendant refutes this contention, pointing out that Plaintiff has not cited a single case or statute that protects similar communications from disclosure in discovery. Having considered the matter, the Court agrees with Defendant.

Fed. R. Civ. P. 26 (b) sets the scope of discovery, stating:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the

3

> case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Plaintiff does not allege that any of the communications are privileged, and she does not raise a proportionality objection. Instead, she seeks protection of the information on the basis that her former co-workers did not anticipate that the contents of their private discussions with Plaintiff would be disclosed. Assuming, *arguendo*, that Plaintiff has standing to raise the privacy concerns of third parties, her argument fails, because "social media content is neither privileged nor protected by a right of privacy." *Brown v. City of Ferguson,* No. 4:15CV000831 ERW, 2017 WL 386544, at *1 (E.D. Mo. Jan 27, 2017) (citing *Mailhoit v. Home Depot U.S.A., Inc.,* 285 F.R.D. 566, 570 (C.D. Cal. 2012)). As the Court in *Brown* explained, "a person's expectation and intent [that] her communications be maintained as private is not a legitimate basis for shielding those communications from discovery." *Id.* (quoting *E.E.O.C. v. Simply Storage Mgmt., LLC,* 270 F.R.D. 430, 434 (S.D. Ind. 2010)). Neither Plaintiff, nor her former co-workers, had any "justifiable expectation" that their messages would be kept private. *Reid v. Ingerman Smith LLP,* No. CV 2012-0307 (ILG)(MDG), 2012 WL 6720752, at *2 (E.D.N.Y. Dec. 27, 2012).

      The reason for this conclusion is simple. Even before electronic mail and social media, relevant communications with third parties were not protected from discovery *unless* a privilege existed between the participants to the communication, or some other recognized right of protection prevented disclosure. *See Brown,* 2017 WL 386544, at *1 ('The Court's analysis of discovery does not change simply because the request involves social media content … The Court treats a discovery request for social media content as it

4

would a request for emails, text messages, letters, or other documents containing personal communication.") (internal citations omitted).[1] Information considered to be private and personal at the time of its creation—for example, personal diaries, letters to family members and friends, and medical information—are often produced in discovery when the information is relevant, proportional to the needs of the case, and not otherwise subject to a limiting order. *Id.* (citing *Reid*, 2012 WL 6720752, at *2). While some courts recognize a "personal interest" in emails and social messaging, that interest does not act as a blanket shield from disclosure in discovery; particularly, where, as here, the communications are relevant to the claims and alleged damages. *See, e.g., Hawkins v. Coll. Of Charleston,* No. CV 2:12-384-DCN-BHH, 2013 WL 12145958, at *3 (D.S.C. Sept 17, 2013) (holding that social media content was relevant to a claim of emotional distress); *Jacquelyn v. Macy's Retail Holdings, Inc.*, No. CV416-052, 2016 WL 6246798, at *7 (S.D. Ga. Oct. 24, 2016) (acknowledging that "[p]ostings on Facebook and other social media present a unique challenge for courts, due to their relative novelty and their ability to be shared by or with someone besides the original poster," but finding that even private postings are not shielded from discovery when they are relevant.) (quoting *Higgins v. Koch Dev't Corp.*, 2013 WL 336278 at *2 (S.D. Ind. July 5, 2013).

Although Plaintiff's conversations with her former co-workers are not protected from discovery, Defendant "does not have a generalized right to rummage at will through

---

[1] As Plaintiff emphasizes, some courts have required a threshold showing that a party's public postings on social media undermine the party's claims or defenses before the party's private social media messaging can be discovered. *See, e.g., Keller v. Nat'l Farmers Union Prop. & Cas. Co.*, No. CV 12-72-M-DLC-JCL, 2013 WL 27731, at *4 (D. Mont. Jan. 2, 2013). This has generally been the case when the disputed discovery request is broad, asking for all posts on all social media sites used by the party. However, as there is no distinction made in the federal discovery rules between social media and old-fashioned correspondence and emails, the undersigned disagrees that such a showing is mandatory in every instance. Instead, while such a showing may be part of a proportionality analysis, the rules do not direct that approach in all cases.

information that Plaintiff has limited from public view." *Palma v. Metro PCS Wireless, Inc.*, 18 F. Supp. 3d 1346, 1347 (M.D. Fla. 2014) (quoting *Davenport v. State Farm Mut. Auto. Ins. Co.,* No.3:11–cv–632–J–JBT, 2012 WL 555759, at *2 (M.D. Fla. Feb. 21, 2012)). Interrogatory No. 9 and Request for Production No. 3 ask for (1) details regarding **all** conversations with co-workers and (2) for **all** documents pertaining to **all** such conversations, regardless of their relevancy and despite Plaintiff's representation that the vast majority of the communications have nothing to do with the claims and defenses in this case. Clearly, these requests are overly broad, seeking information well beyond the scope of discovery set forth in Rule 26 (b). *See, e.g., Tingle v. Herbert,* No. 15-626-JWD-EWD, 2017 Wl 2536584, at *4-5 (M.D. La. Jun. 9, 2017); *Smith v. Hillshire Brands*, No. 13-2605-CM, 2014 WL 2804188, at *4-5 (D. Kan. June 20, 2014) (holding that plaintiff need not produce information from social networking accounts that is irrelevant, as "Defendant is no more entitled to such unfettered access to plaintiff's personal email and social networking communications than it is to rummage through the desk drawers and closets in plaintiff's home.").

Therefore, Plaintiff is **ORDERED** to provide the requested information to Defendant within **seven days** of the date of this Order, but only to the extent that the information is relevant to the claims and defenses in this civil action. Plaintiff is not required to provide information and documents concerning **all** conversations she had with co-workers and agents of Defendant. In keeping with the suggestion of defense counsel, the information and documents shall be disclosed pursuant to the protective order, (ECF No. 26), and the names of the non-party participants to the communications may be redacted.

Defendant also requests an award of sanctions and attorney's fees for Plaintiff's failure to comply with the Court's Order compelling discovery. Although Plaintiff's Fourth Amendment argument was not on point, Plaintiff raised a legitimate and good faith concern related to the discovery requests and her potential liability for freely disclosing conversations intended to be private. Considering that the law regarding the protection of private messaging is still developing, Plaintiff's motion for reconsideration was not entirely without merit. Accordingly, Defendant's request for sanctions and fees is **DENIED**.

The Clerk is instructed to provide a copy of this Order to counsel of record.

**ENTERED:** October 11, 2017

Cheryl A. Eifert
United States Magistrate Judge